42 F.3d 1401
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Rodney RUMMELSBURG, aka: Ronny Rummelsburg, Debtor,
Rodney RUMMELSBURG, aka: Ronny Rummelsburg, Appellant,
v.
AMTEC SYSTEMS CORPORATION, Appellee.
 No. 93-56387.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 1, 1994.*
Decided Nov. 4, 1994.
 
 Before: WALLACE, Chief Judge, GOODWIN and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rodney Rummelsburg appeals pro se the district court's affirmance of summary judgment granted by the bankruptcy court. Rummelsburg contends these courts erred by applying collateral estoppel to hold his liability for a California state judgment nondischargeable pursuant to 11 U.S.C. Sec. 523(a)(6). We have jurisdiction under 28 U.S.C. Sec. 158(d), and affirm.
 
 
 3
 Section 523(a)(6) bars discharge of debts "for willful and malicious injury by the debtor to another entity or to the property of another entity." Intentionally injuring property constitutes a "willful and malicious injury" under section 523(a)(6) unless done with just cause or excuse. See Impulsora Del Territorio Sur, S.A. v. Cecchini (In re Cecchini), 780 F.2d 1440, 1443-44 (9th Cir.1986). Contrary to Rummelsburg's argument, intentional conduct pertains not only to "willfulness" but also "maliciousness." An intent to act satisfies the "willful" requirement; a further intent to injure meets the "malicious" criterion. See Britton v. Price (In re Britton), 950 F.2d 602, 605 (9th Cir.1991).
 
 
 4
 To determine whether collateral estoppel applies in this case, we must decide whether issues resolved by the jury in Amtec's California state court action against Rummelsburg are identical to the question whether Rummelsburg inflicted a "malicious injury" within the meaning of section 523(a)(6). See Bugna v. McArthur (In re Bugna), No. 93-55238, slip op. 9215, 9219 (9th Cir. Aug. 16, 1994); see also Town of N. Bonneville v. Callaway, 10 F.3d 1505, 1508 (9th Cir.1993) (reviewing de novo the availability of collateral estoppel).
 
 
 5
 The state court jury necessarily found that Rummelsburg either intentionally induced breaches of Amtec's contracts, intentionally interfered with Amtec's contractual relations, or intentionally interfered with Amtec's prospective economic advantage. There is no dispute that Amtec's contracts and prospective economic advantage constitute "property" and that interference with this property constitutes an "injury." The jury thus found that Rummelsburg intentionally injured Amtec's property. The jury also necessarily found that Rummelsburg failed to prove any justification for his actions. The jury thus determined that Rummelsburg had no just cause or excuse when he intentionally injured property. Because the jury's inquiry mirrors the inquiry under section 523(a)(6), collateral estoppel applies. Rummelsburg's vague attempt to raise new justifications for his actions cannot be considered because he points to no injustice that will result if collateral estoppel is applied. See City of Sacramento v. California, 785 P.2d 522, 528 (Cal.1990) (collateral estoppel bars relitigation of legal issues unless injustice would result or public interest requires relitigation).
 
 
 6
 Contrary to Rummelsburg's assertion, it is irrelevant that the California jury did not determine whether he reasonably foresaw the harm he caused Amtec or whether his actions necessarily produced the harm. Such findings would have indicated "malicious injury," but "malicious injury" also exists where a debtor actually intended harm. See Britton, 950 F.2d at 605; Cecchini, 780 F.2d at 1443-44.
 
 
 7
 Rummelsburg further contends that collateral estoppel should apply with respect to the jury's finding that Amtec failed to establish by clear and convincing evidence that he committed oppression, malice or fraud. We disagree. A creditor must only prove a "malicious injury" under section 523(a)(6) by a preponderance of the evidence, Transamerica Commercial Fin. Corp. v. Littleton (In re Littleton), 942 F.2d 551, 554 (9th Cir.1991), and the California jury found by a preponderance that Rummelsburg intentionally injured Amtec's property without just cause or excuse. Even assuming that "malice" has the same meaning under both California law and section 523(a)(6), the jury's finding that malice was not proved by clear and convincing evidence does not preclude finding malice by a preponderance of the evidence.
 
 
 8
 Amtec's request for sanctions is denied. See Britton, 950 F.2d at 607.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Rummelsburg's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3